http://www.va.gov/vetapp16/Files3/1626418.txt

Citation Nr: 1626418 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 11-34 342 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas

THE ISSUE

Entitlement to a compensable disability rating for left varicocele, postoperative (left varicocele).

REPRESENTATION

Appellant represented by: Texas Veterans Commission

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

M. D. Bruce, Associate Counsel

INTRODUCTION

The Veteran served on active duty from July 1972 to July 1976.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). This matter was remanded in September 2015.

The Board notes that the issue of entitlement to service connection for erectile dysfunction was also remanded in September 2015. Subsequently, in a January 2016 rating decision, the RO granted the claim. Accordingly, the matter is no longer before the Board.

In June 2015, the Veteran testified at a Board videoconference hearing before the undersigned Veterans Law Judge. A transcript of that hearing is of record.

In a May 2015 application for disability compensation, the Veteran requested service connection for a left groin traumatic injury. It appears that this request is for the same disability for which he is already service connected and which is currently before the Board on appeal of the evaluation assigned. However, such matter was referred by the Board in September 2015 but no action has been taken. Accordingly, the matter is again referred to the Agency of Original Jurisdiction (AOJ) for clarification and, if necessary, appropriate action. 38 C.F.R. § 19.9(b) (2015). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.

REMAND

Regrettably, additional development is necessary with respect to the Veteran's claim.

Pursuant to the Board's September 2015 remand, the Veteran most recently underwent VA examination in connection with his claim in December 2015. The examiner indicated that the Veteran did not have a voiding dysfunction and did not complete that portion of the examination, which includes obstructed voiding. However, the examiner went on to note that when the varicocele swells, the Veteran reports experiencing urinary obstruction. The examiner stated the symptom was not discussed further because it was mild and intermittent. However, the treatment, if any, during occurrence was not discussed, and such information would be relevant when evaluating the disability pursuant to genitourinary rating criteria. Moreover, the examiner did not fully explain whether it was possible to delineate which of the Veteran's symptoms are due to his left varicocele versus symptoms which are solely due to his nonservice-connected prostate condition. Accordingly, the Board finds a new examination is warranted. 

Furthermore, while the Veteran testified during his June 2015 hearing that he does not receive VA treatment, the electronic claims file contains VA treatment records dated through December 14, 2015, and a January 2016 Supplemental Statement of the Case (SSOC) indicates that the AOJ reviewed records dated through January 28, 2016. Accordingly, upon remand, VA treatment records dated from December 2015 to the present should be obtained and associated with the record. 38 C.F.R. § 3.159(c) (2015).

Accordingly, the case is REMANDED for the following actions:

1. Ask the Veteran to provide the names and addresses of all medical care providers who have recently treated him for this disability. After securing any necessary releases, the AOJ should request any relevant records identified that are not duplicates of those already contained in the claims file. If any requested records are not available, the Veteran should be notified of such.

2. Obtain VA treatment records dating since December 2015 and associate them with the electronic claims file. If no records exist, the claims file should be annotated to reflect such and the Veteran should be notified.

3. After the above has been completed to the extent possible, schedule the Veteran for a VA male reproductive organs conditions examination to address the symptomatology of the Veteran's left varicocele. Please note, the Veteran is employed by the VA Medical Center in Houston, Texas. The claims file should be reviewed by the examiner in conjunction with the examination. 

The examiner should be advised that the Veteran's varicocele is to be rated based on symptomatology consistent with urinary tract infections and he has reported symptoms of obstructive voiding when the varicocele swells. Therefore, the examiner must complete the parts of the examination pertaining to urinary tract infection and voiding dysfunction, even though the Veteran may not suffer from actual recurrent urinary infections. The examiner should also indicate whether the Veteran receives treatment and the type of treatment to manage his varicocele, to include during flare-ups. 

In detailing the Veteran's current symptoms, the examiner should specifically indicate which symptoms are attributable in any way to the left varicocele and which symptoms are solely the result of a nonservice-connected prostate condition.

4. After undertaking the development above, the Veteran's claim should be readjudicated. If the benefit sought on appeal remains denied, the Veteran and his representative should be furnished with an SSOC and be given an appropriate period to respond thereto before the case is returned to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).